================================================================
UNITED STATES DISTRICT COURT                    EASTERN DISTRICT OF TEXAS
================================================================

MARY JANE STEWART, §
 §
    Plaintiff, §
 §
versus § 
 § CASE NO.  9:21-CV-00065-MAC
 §
COMMISSIONER OF SOCIAL §
SECURITY, §
 §
    Defendant. §

**ORDER OVERRULING OBJECTIONS AND ADOPTING
REPORT AND RECOMMENDATION**

    The Plaintiff Mary Jane Stewart ("Stewart") requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits.  The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge submitted a Report and Recommendation affirming the Commissioner's decision.  (Doc. No. 23.)  The court has considered the Report and Recommendation and Stewart's Objections (Doc. No. 24).

    Stewart objects that the magistrate judge "erred in applying the standard for the prevailing regulatory framework, resulting in a conclusion that is simply not supported by the regulations or by case law." (*Id.*, p. 2.)  In support, Stewart contends that the magistrate judge's report is based on the "mistaken notion that the ALJ had no obligatory duty to consider [Physician Assistant ("PA")] Jones's [non-acceptable medical source] opinion evidence." (*Id.*)  The court disagrees.

1

I.

In his report, the magistrate judge thoroughly discusses the applicable legal framework (social security rulings, federal regulations, and applicable case law) that determine how an ALJ considers medical opinion evidence. It begins with a discussion of the different types of medical opinion evidence (acceptable, "not acceptable," and non-medical sources) and explains how those groups are further distinguished into groups of treating and non-treating sources. He correctly recognizes that Stewart's medical record does not contain medical opinion evidence from a treating physician who is given preference under § 404.1527(c). (Doc. No. 23, p. 10-11.) The magistrate judge correctly notes that when no medical opinion is entitled to controlling weight, the Commissioner's regulations direct the ALJ to consider the following factors, where applicable, in deciding the proper weight: (1) the examining relationship, (2) treatment relationship, (3) supportability of the medical opinion, (4) consistency, (5) specialization of the physician, (6) and any other factors brought to the ALJ's attention. (*Id*.) (hereinafter "§ 404.1527(c) Factors"). He also explains that as a physician assistant, PA Jones is not an acceptable medical source. Accordingly, the ALJ is not required to rely on his opinion *at all* and the magistrate judge cites to four analogous district court cases where the Commissioner's decision was affirmed. The report correctly recites the ALJ's duty in evaluating non-acceptable medical source opinion evidence: "(the ALJ) was required to evaluate—but not explicitly discuss—her opinion through the lens of the § 404.1527(c) Factors."[1] (Doc. No. 23, p. 12-13) (citing 20 C.F.R. § 404.1527(f)(2)). The report addresses

---

[1] Stewart points to magistrate judge's statement that the ALJ has "no obligatory duty to consider PA Jones's opinion evidence." (Doc. No. 24, p. 3) (citing Doc. No. 23, p. 12). However, when read in context, the report is clear that the magistrate judge recognized the ALJ's duty to "generally [ ] explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's

the opinion evidence from Dr. Daniel, a consultative medical examiner, and correctly concludes that the ALJ's decision to attribute only partial weight to the report was supported by the evidence. (Doc. No. 23, p. 16.) The magistrate judge also notes that Stewart is unable to support her alleged limitations related to sitting, standing, or walking with any treating physician opinion evidence, and that the ALJ attributed "little weight" to two state agency medical consultants who opined that Stewart did not exhibit any severe physical impairments at step two. The magistrate judge concludes that even if the ALJ committed legal error, it was harmless and recommends affirming the Commissioner's decision.

### III.

Stewart fails to address the magistrate judge's point that even assuming *arguendo* the ALJ did commit legal error in evaluating the medical opinion evidence, proceedings do not require "procedural perfection" if the error was harmless. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). Procedural errors affect the substantial rights of a claimant only when they cast into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

---

reasoning, when such opinions may have an effect on the outcome of the case." (Doc. No. 23, p. 12) (citing 20 C.F.R. § 404.1527(f)(2)).

A finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision. *See Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001). Stewart carries the burden to produce objective medical evidence of a condition that could reasonably be expected to produce the alleged symptoms. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). Here, Stewart does not refer to any evidence from a treating medical source during the relevant time that documented an impairment that entitled her to Social Security disability benefits. Instead, she claims that the Commissioner's decision lacks substantial evidence because the ALJ engaged in impermissible circular reasoning and *post hac* rationalization. However, an ALJ's reasoning is not circular where she provided sufficient consideration of a medical opinion. *See Nicole M. E. o/b/o E.F. v. Kijakazi*, No. 6:21-CV-337 (MAD/DJS), 2022 WL 3577114, at *6 (N.D.N.Y. Aug. 18, 2022) (finding no error where the ALJ "did not discount the medical and educational professional's opinions because they did not comport with his own interpretation of the underlying data. Rather, he had first extensively analyzed the opinions for supportability and consistency as required by 20 C.F.R. § 416.920c(b)(2) and 20 C.F.R. § 416.920c(c). After performing that analysis, in conclusion, he stated that the opinions remained persuasive to the extent it is consistent with the remainder of the opinion"). This court finds that ALJ did not err in considering the medical opinion evidence, and that the evidence—not the ALJ's circular reasoning—supports the magistrate judge's findings.

IV.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes that the objections are without merit because the magistrate judge properly found

4

that the ALJ's analysis was free from legal error and her decision is supported by substantial evidence.[2] Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Stewart's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 9th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Alternatively, and assuming *arguendo* that the ALJ did commit legal error, the error is harmless. Substantial evidence supports the ALJ's decision for the reasons discussed in the magistrate judge's report.

5